**BALLARD SPAHR LLP**
Stephanie Sheridan (SBN 135910)
sheridans@ballardspahr.com
71 Stevenson St., Suite 400
San Francisco, CA 94105
Telephone: 415.318.2770
Facsimile: 424.731.8301

Brianna R. Howard (SBN 314642)
howardbr@ballardspahr.com
2029 Century Park East, Suite 1400
Los Angeles, CA  90067-2915
Telephone: 424.204.4400
Facsimile: 424.204.4350

J. Matthew Thornton
(*pro hac vice* application forthcoming)
thorntonj@ballardspahr.com
2000 IDS Center, 80 South 8th Street
Minneapolis, MN 55402-2110
Telephone: 612.371.6207

*Attorneys for Defendants Lowe's Home
Centers, LLC and Lowe's Companies, Inc.*

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA  90067-2915

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ASHLEY GRIMES and CAMERON DIEGLE**, individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>**LOWE'S HOME CENTERS, LLC**, a North Carolina Limited Liability Company; and **LOWE'S COMPANIES, INC.**, a North Carolina Corporation,<br><br>Defendants. | Case No.<br><br>[Removed from Superior Court of the County of Sacramento, California, Case No. 26CV008109]<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT**<br><br>[Jurisdiction Under CAFA and Diversity (28 U.S.C. §§ 1332, 1441, 1446, and 1453)] |

NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA, AND TO PLAINTIFFS AND THEIR COUNSEL OF RECORD:**

Pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453 and the Class Action Fairness Act ("CAFA"), Defendants Lowe's Home Centers, LLC and Lowe's Companies, Inc. (collectively, "Lowe's" or "Defendants") hereby remove the putative class action filed in the Superior Court of California, County of Sacramento, Case No. 26CV008109 (the "State Court Action"), to the United States District Court for the Eastern District of California.

**INTRODUCTION**

California residents Ashley Grimes and Cameron Diegle ("Plaintiffs") filed the State Court Action against Lowe's Home Centers, LLC and Lowe's Companies, Inc., both of which were formed under the laws of, and have principal places of business in, the State of North Carolina. (*See* Ex. A, Complaint ("Compl.") ¶¶ 31–32.)

Plaintiffs assert claims arising from Defendants' alleged use of Automated License Plate Recognition ("ALPR") technology on behalf of themselves and a class comprised of "[a]ll citizens of the State of California who, as a result of Defendants' use of Flock ALPRs, had their Vehicle Tracking Data accessed and/or acquired while visiting Defendants' Lowe's properties located in California and/or while driving within a 75-foot radius of those locations." (Compl. ¶ 110.) Plaintiffs seek, among other relief, actual or statutory liquidated damages of not less than $2,500 per class member, and statutory attorneys' fees. Given how broadly Plaintiffs have defined the class, it will include no fewer than 2,000 individuals, which, when multiplied by the minimum statutory damages Plaintiffs seek, would exceed $5 million, excluding interest and costs.

Defendants are entitled to, and hereby do, remove the State Court Action to this Court pursuant to CAFA.[1] Removal is proper because the putative class size exceeds 100 persons, there is "minimal diversity," and the aggregate amount in controversy exceeds $5 million.

---

[1] Defendants are independently entitled to remove this action pursuant to 28 U.S.C. § 1332(a).

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915

1

NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT

### GROUNDS SUPPORTING CAFA REMOVAL

CAFA's jurisdictional requirements are set forth at 28 U.S.C. § 1332(d). Cases that qualify under CAFA are properly removed pursuant to 28 U.S.C. § 1453, limited by certain exceptions listed in Section 1453(d) that are inapplicable here. To remove to federal court under CAFA, a defendant must state facts establishing that: (a) the state court action was filed on behalf of a putative class that is comprised of at least 100 members; (b) "minimal diversity" exists, which requires only that any member of the putative class "is a citizen of a State different from any defendant"; and (c) the amount in controversy exceeds $5 million, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d). All such requirements are satisfied here.

**(a) Putative Class of at Least 100 Members.** Plaintiffs seek to certify a class of "[a]ll citizens of the State of California who, as a result of Defendants' use of Flock ALPRs, had their Vehicle Tracking Data accessed and/or acquired while visiting Defendants' Lowe's properties located in California and/or while driving within a 75-foot radius of those locations." (Compl. ¶ 110.) Plaintiffs allege that Defendants operate 112 California retail stores" and had "reported sales of more than $86 billion" in fiscal year 2025. (*Id.* ¶¶ 8, 32.) Based on the allegations in the Complaint, the number of California residents whose vehicles were captured by ALPR systems at Defendants' California stores during the relevant timeframe is more than 2,000 individuals.[2]

**(b) Minimal Diversity Exists.** Plaintiffs are both citizens of the State of California. (Compl. ¶¶ 13, 22.)

Defendant Lowe's Companies, Inc. is incorporated in the State of North Carolina with its principal place of business at 1000 Lowe's Blvd., Mooresville, North Carolina 28117. (Compl. ¶ 32; Howard Decl., ¶ 3.)

Defendant Lowe's Home Centers, LLC is a limited liability company organized under

---

[2] Given the breadth of the class defined in the Complaint, Plaintiffs do not have a good-faith basis for claiming that the class would include fewer than 2,000 members. However, if challenged, Defendants reserve the right to offer evidence to establish the amount in controversy on all claims alleged in the Complaint. *Harris v. KM Indus., Inc.*, 980 F.3d 694, 699 (9th Cir. 2020).

NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915

the laws of the State of North Carolina with its principal place of business in North Carolina. (Compl. ¶ 31; Howard Decl., ¶ 3.) It is wholly owned by Lowe's Companies, Inc., a North Carolina resident.

Because at least one plaintiff is a citizen of California, and both Defendants are citizens of North Carolina, minimal diversity exists under 28 U.S.C. § 1332(d)(2).

**(c) Amount in Controversy Exceeds $5,000,000.** Under CAFA, the total amount in controversy must exceed $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d)(2); *see also Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) (holding that "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold; the notice need not contain evidentiary submissions").

Plaintiffs and the putative class seek statutory damages of "the greater of their actual damages or statutory liquidated damages of $2,500" for each putative class member pursuant to Cal. Civ. Code § 1798.90.54. (Compl. ¶ 129) Plaintiffs also seek punitive damages pursuant to Cal. Civ. Code § 1798.90.54, restitution and disgorgement, compensatory damages, consequential damages, and attorneys' fees and costs. (Compl., Prayer for Relief.)

Plaintiffs' class, as defined in the Complaint, includes "[a]ll citizens of the State of California who, as a result of Defendants' use of Flock ALPRs, had their Vehicle Tracking Data accessed and/or acquired while visiting Defendants' Lowe's properties located in California and/or while driving within a 75-foot radius of those locations," of which there are "approximately 112." (Compl. ¶¶ 110, 8.) Given the breadth of the putative class as alleged, the number of putative class members would exceed 2,000 class members, each of whom, according to the Complaint, is entitled to a minimum of $2,500 in statutory damages. Accordingly, statutory damages alone would exceed $5,000,000 (2,000 individuals × $2,500 = $5,000,000). Thus, the amount in controversy, exclusive of interest and costs, exceeds the threshold required for CAFA removal jurisdiction.

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915

NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT

## <u>SATISFACTION OF OTHER PROCEDURAL</u>
## <u>REQUIREMENTS FOR REMOVAL</u>

Defendants have satisfied all the procedural requirements for removal:

**(1) Notice is Timely.** This Notice of Removal is timely. The Complaint in the State Court Action was filed with the Clerk of the Superior Court of California, County of Sacramento, on April 2, 2026. Defendants were served with the Complaint on April 10, 2026. (*See* Ex. A at 1, 51.) This Notice of Removal is being filed with this Court within 30 days after Defendants were served with Plaintiffs' initial pleading setting forth the claims for relief upon which Plaintiffs' action is based. *See* 28 U.S.C. §§ 1446(b)(1), 1453(b).

**(2) Venue is Proper.** Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(a) and 1441(a) because the United States District Court for the Eastern District of California is the federal district encompassing the Superior Court of California, County of Sacramento, where Plaintiffs originally filed the State Court Action. Thus, pursuant to 28 U.S.C. § 1441(a), this case may properly be removed to the Eastern District of California.

**(3) Process, Pleadings and Orders.** Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and documents from the California Superior Court action are being filed with this Notice of Removal. *See* Ex. A (Summons, Complaint, Civil Case Cover Sheet, Proof of Service of Summons, and Notice of Civil Home Court Assignment, Order re: Complex Case Designation, and Notice of Case Management Conference and Orders re: Complex Case Management Procedures). Defendants are not aware of any process, pleadings, or orders besides those that have been attached as Exhibit A. Defendants have not answered or otherwise responded to the Complaint. As of the date and time of the filing of this Notice, a case management conference is scheduled for October 30, 2026, in Department 8A.

Defendants will promptly provide written notice of removal of this action to Plaintiffs through their attorneys of record in the California Superior Court Action and will file a copy of this Notice of Removal and all other necessary documents with the Clerk of the Superior Court of California for the County of Sacramento in the State Court Action, as required by 28 U.S.C. § 1446(d).

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915

NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT

**RESERVATION OF RIGHTS**

Defendants submit this Notice of Removal without waiver of any rights or defenses to the claims asserted by Plaintiffs, and without conceding that Plaintiffs have pleaded any claims upon which relief can be granted. Defendants expressly reserve all of their rights, including to assert any claim, counterclaim, or defense that may be available, including, but not limited to, failure to state a claim upon which relief may be granted and/or improper venue.

**CONCLUSION**

For the foregoing reasons, this Court has original subject matter jurisdiction over this action pursuant to CAFA. Accordingly, Defendants hereby remove this action from the Superior Court of California, County of Sacramento, to the United States District Court for the Eastern District of California, and respectfully request that this Court assume full jurisdiction over this action as provided by law.

Respectfully submitted,

DATED:  May 8, 2026

**BALLARD SPAHR LLP**

By:  */s/ Brianna R. Howard*
Stephanie Sheridan
Brianna R. Howard
J. Matthew Thornton

*Attorneys for Defendants*

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915

5

**PROOF OF SERVICE**

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is **BALLARD SPAHR LLP**, 2029 Century Park East, Suite 1400, Los Angeles, CA 90067-2915. On May 8, 2026, I served the within documents:

**NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT**

☐     **BY FAX**: by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☐     **BY HAND:** by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☒     **BY MAIL**: by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

☒     **BY E-MAIL**: by attaching an electronic copy of the document(s) listed above to the e-mail address listed below.

☐     **BY OVERNIGHT MAIL**: by causing document(s) to be picked up by an overnight delivery service company for delivery to the addressee(s) on the next business day.

☐     **BY PERSONAL DELIVERY**: by causing personal delivery by NATIONWIDE LEGAL, INC. of the document(s) listed above to the person(s) at the address(es) set forth below.

Michael Connett                    *Attorneys for Plaintiffs*
Tyler J. Bean
Albert J. Asciutto
SIRI & GLIMSTAD LLP
700 S. Flower Street, Suite 1000
Los Angeles, California 90017
mconnett@sirillp.com
tbean@sirillp.com
aasciutto@sirillp.com

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on May 8, 2026, at Los Angeles, California.



/s/ Eric J. Garcia
Eric J. Garcia

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915